# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHONG L. LEE,

      **Plaintiff,**

  v.                            **Case No. 21-CV-0037**

KEVIN A. CARR, BRIAN FOSTER,
TONIA MOON, CPT. WESTRA,
CPT. SANCHEZ, LT. DINGMAN,
C.O. TREVOR STANDISH, and
RANDY MUELLER,

      **Defendants.**

---

## ORDER

---

Plaintiff Chong L. Lee, a prisoner incarcerated at Waupun Correctional Institution, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Lee's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Lee's motion to proceed without prepaying the filing fee and to screen the complaint in light of Lee's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## 1. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because Lee was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 1, 2021, the court ordered Lee to pay an initial partial filing fee of $40.45. (ECF No. 5.) Lee paid that fee on February 1, 2021. The court will grant Lee's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. Screening of the Complaint

### 2.1 Federal Screening Standard

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.2 Lee's Allegations

Lee alleges that on July 24, 2019, when he went to drop off some mail in the mailbox, defendant Correctional Officer Standish told him he was not allowed to do so and ordered him to go lock himself in his cell. (ECF No. 1 at 2.) When Lee attempted to get Standish's name to file a grievance, Standish refused to give his name and again ordered Lee to go lock in his cell. (*Id.*) Thirty minutes after Lee returned to his cell defendant Lt. Dingman arrived to take him to segregation. (*Id.*) Dingman refused to tell Lee why he was being taken to segregation. (*Id.*)

Once in segregation, Lee asked defendant Captain Sanchez, the supervisor of his cell hall, why he was in segregation. Sanchez told him he was put in segregation for disobeying an order. (ECF No. 1 at 3.) When Lee explained to Sanchez what happened, Sanchez replied that Lee "should have locked in and left [*sic*] it be." (*Id.*)

Lee filed a grievance stating that Standish retaliated against him by placing him in segregation upon learning that Lee was going to file a grievance about being denied access to the mailbox. (ECF No. 1 at 3.)  Defendant Tonia Moon reviewed the grievance and dismissed it. (*Id.*) Lee appealed to defendants Warden Brian Foster and the secretary of the Wisconsin Department of Corrections, Kevin Carr, both of whom dismissed the grievance. (*Id.*)

Lee also received a conduct report for this incident and had a due process hearing on August 2, 2019. (ECF No. 1 at 3.) Lee states he wanted to call witnesses, but defendant Randy Mueller, who was assigned to represent him at the hearing, did not allow him to. (*Id.*) At the hearing, defendant Captain Westra upheld Lee's

4

conduct report and gave him an additional fifteen days of room confinement on top of the two weeks he already spent in segregation awaiting his hearing. (*Id.*) Lee seeks $300 per day for his time spent in segregation and $200 per day for his time spent in room confinement. He also seeks to have his conduct report removed from his file.

### 2.3    Analysis

Lee claims the defendants violated his First Amendment rights when they filed a conduct report and took him to segregation upon learning that he was going to file a grievance. He also claims that his Fourteenth Amendment rights were violated when he was not allowed witnesses at his due process hearing.

To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Filing grievances is a protected activity. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Receiving a conduct report and placement in segregation is likely to deter such activity, and Lee sufficiently alleges that defendants Dingman and Standish were motivated by the fact that Lee was going to file a grievance against Standish. Thus, he may proceed against Dingman and Standish on a First Amendment Retaliation claim.

He may also proceed against Sanchez on a First Amendment Retaliation claim under the theory of supervisor liability. Supervisors can be held liable for

5

constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Lee alleges he told Sanchez that he was wrongfully put in segregation in retaliation for filing a grievance, and Sanchez did nothing.

He may not proceed on claims against defendants Moon, Foster, and Carr. Their only role was to review and deny Lee's grievance about Standish's retaliation. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Defendants Moon, Foster, and Carr are dismissed.

He also may not proceed on a Fourteenth Amendment Due Process claim against Randy Mueller and Captain Westra. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). Lee alleges that he was deprived of a liberty interest when he was placed in segregation for two weeks followed by an additional two weeks in room confinement.

6

A plaintiff placed in segregation may be deprived of a liberty interest "if the length of segregated confinement is substantial and the record reveals the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Lee spent less than a month in restrictive confinement (two weeks in segregation and two weeks in room confinement). That is not sufficient to trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (short-term placements in segregation do not trigger liberty interest); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (plaintiff who was in segregation for "at most 30 days" and did not allege "significant psychological or other injury" from the placement did not state a due process claim); *Beamon v. Pollard*, 711 Fed. Appx. 794, 795 (7th Cir. 2018) (135 days does not deprive an inmate of a liberty interest). Defendants Westra and Mueller are dismissed.

3.      **Conclusion**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Lee's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kevin A. Carr, Brian Foster, Tonia Moon, Captain Westra, and Randy Mueller are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Captain Sanchez, Lt. Dingman, and C.O. Trevor Standish. It is

7

**ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $309.55 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to Lee's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Lee is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Lee is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Lee is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Lee is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Lee's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Lee may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 2nd day of March, 2021.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN

9

United States Magistrate Judge